```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH J. O'DONNELL,         :    CIVIL ACTION
                                :
            Plaintiff,          :
                                :
     vs.                        :
                                :    No. 07-cv-5386
MICHAEL'S FAMILY RESTAURANT,    :
INC., MICHAEL'S FAMILY          :
RESTAURANT II, INC.,            :
MICHAEL'S FAMILY RESTAURANT     :
III,INC., MICHAEL'S FAMILY      :
RESTAURANT IV, INC.,            :
MICHAEL'S FAMILY RESTAURANT     :
V, INC., MICHAEL'S FAMILY       :
RESTAURANT VI, INC.,            :
                                :
            Defendants.         :
```

## MEMORANDUM AND ORDER

**Joyner, J.**                                              **July 1, 2008**

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 3), Plaintiff's Response (Doc. No. 6), and Defendants' Reply (Doc. No. 7).  For the reasons below, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

Plaintiff Elizabeth J. O'Donnell was hired as a waitress by

1

Michael's Family Restaurant in March 2004. Since that time, Plaintiff was allegedly subjected to a sexually hostile work environment. Plaintiff claims that the restaurant Chef frequently directed profanities, vulgarities and insults at her and other members of the female wait-staff. The Chef's offensive behavior also allegedly included physical abuse; Plaintiff asserts that he pushed and shoved her and her female colleagues, and on numerous occasions "grabbed Plaintiff's posterior in an un-invited [sic], sexually-assaultive manner." (P. Compl. p. 8). This abusive behavior culminated on May 8, 2006, when a heated verbal exchange over a sugar cannister escalated into the Chef's allegedly calling Plaintiff a "bitch," grabbing her neck, kicking her in the knee, and throwing the offending sugar cannister at her.

Plaintiff complained of the Chef's abusive behavior to the Manager of Michael's Family Restaurant and the owners, but they continued to employ the Chef and were dismissive of Plaintiff's concerns. Plaintiff claims that she was threatened with intimations and outright predictions of loss of employment if she continued to complain about the hostile work environment.

On May 16, 2006, Plaintiff filed a "Complaint to File Charge" with the Equal Employment Opportunity Commission ("EEOC"), naming "Michael's Family Restaurant, et al." as the Respondent. The body of the charge referenced "Michael's Diner,"

2

located at 11000 Roosevelt Boulevard in Philadelphia.  The EEOC undertook an investigation of Michael's Family Restaurant, subsequently issuing a Determination and a Right to Sue letter, both of which referenced "Michael's Family Restaurant" located at 11000 Roosevelt Boulevard.

On December 21, 2007, Plaintiff filed her Complaint in this Court against Michael's Family Restaurant, Inc., Michael's Family Restaurant II, Inc., Michael's Family Restaurant III, Inc., Michael's Family Restaurant IV, Inc., Michael's Family Restaurant V, Inc., and Michael's Family Restaurant VI, Inc.  Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981A et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §955, alleging that Defendants continually subjected her to a sexually charged and physically dangerous hostile work environment, and that she was constructively discharged due to the ongoing abuse, harassment and threats of retaliation to which she was subject in her employ with Michael's Family Restaurant.  Plaintiff prays for financial compensation, injunctive relief and punitive damages.

On March 3, 2008, Defendants filed this Motion to Dismiss arguing that Plaintiff failed to exhaust her administrative remedies under Title VII and the PHRA, and thus failed to state a claim upon which relief may be granted under the WCA.  Defendants

also argue that Defendant Michael's Family Restaurant IV must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of personal jurisdiction.

**DISCUSSION**

Defendants move to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 for failure to exhaust administrative remedies.  The Motion also seeks dismissal of Plaintiff's state law claims for failure to exhaust administrative remedies, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted. Plaintiff argues that she falls under an exception to the general rule governing failure to exhaust administrative remedies, and that she satisfied the "personal animus" or "third party attack" exceptions under the Worker's Compensation Act ("WCA").  We first address the administrative exhaustion issue, and then turn to her WCA claim.

*I.   Administrative Exhaustion*

*A.   Administrative Exhaustion Legal Standard*

"A plaintiff must exhaust all administrative remedies before

4

bringing a claim for judicial relief."[1]  <u>DeLa Cruz v. Piccari Press</u>, 521 F. Supp. 2d 424, 431 (E.D. Pa. 2007) (citations omitted).  A Title VII plaintiff exhausts his administrative remedies by "filing a timely discrimination charge with the EEOC" before filing a suit under Title VII.  <u>Id.</u>  The purpose of this requirement is (1) to ensure "that an employer is made aware of the complaint lodged against him and is given the opportunity to take remedial action," and (2) to give "the EEOC the opportunity to fulfill its statutory duties of eliminating unlawful practices through the administrative process."  <u>Jackson v. J. Legis Crozer Library</u>, 2007 WL 2407102, at *5 (E.D. Pa. Aug. 22, 2007) (citing <u>Bihler v. Slinger Co.</u>, 710 F.2d 96, 99 (3d Cir. 1983)).

"A Title VII action ordinarily may be brought only against a party previously named in an EEOC action."  <u>Schafer v. Board of Public Educ. Of the School Dist. Of Pittsburgh, Pa.</u>, 903 F.2d 243, 251-52 (3d Cir. 1990) (citing 42 U.S.C. § 2000e-5(f)(1)).  However, the Third Circuit has identified several exceptions to

---

[1] "Although the PHRA does not contain an analogous [exhaustion of administrative remedies] requirement, courts have held that the PHRA should be interpreted consistently with Title VII."  <u>McLaughlin v. Rose Tree Media School Dist.</u>, 52 F. Supp. 2d 484, 491-92 (E.D. Pa. 1999) (citations omitted).  "To bring suit under the PHRA, a plaintiff must first have filed as administrative complaint with the PHRC within 180 days of the alleged act of discrimination."  <u>Id.</u> (Citing 43 Pa. Cons. Stat. §§ 959(a), 962).  Plaintiff has complied with this requirement by exercising her Election Option to Dual File EEOC Charge with the PHRC.  In keeping with the purpose of this rule, the Third Circuit "has recognized an exception for situations where the unnamed party has received notice of the allegations and where there is sufficient commonality of interests between the named and unnamed parties," and has applied the <u>Glus</u> factors to PHRA cases.  <u>McLaughlin</u>, 52 F. Supp. 2d at 492.  Because we apply the <u>Glus</u> factors to determine the issue of administrative exhaustion of Plaintiff's Title VII claim, our analysis of that claim applies equally to Plaintiff's claim under the PHRA.

this general rule, including a "commonality of interest" exception and a variety of exceptions contingent on corporate structure.[2]  Id.  Although she has brought this suit under Title VII against six different Michael's Family Restaurant locations, to date, Plaintiff has only filed an EEOC charge against the Michael's Family Restaurant located at 11000 Roosevelt Blvd.  The issue before us is whether Plaintiff has exhausted her administrative remedies against the other named Defendants by doing so, thus qualifying for an exception to the general rule that a Title VII action may be brought only against a party previously named in an EEOC action.

---

[2]   This Court has found that a Title VII plaintiff exhausted his administrative remedies "as to his claims against employer's parent corporation, even though parent was not named in [an EEOC] charge and parent was not served with charge or EEOC complaint, where parent was named in complaint, and complaint specifically stated that complaint was against parent." DeLa Cruz, 521 F. Supp. 2d at 431.  This Court has also articulated an "integrated enterprise" exception, providing a four-factor test "to determine if a subsidiary is a mere instrumentality of its parent: (1) is there functional integration of the operations of the parent and subsidiary; (2) are labor relations centrally controlled; (3) is there common management; and (4) is there common ownership and financial control."  Id.

   As we find that the "commonality of interest" exception applies to Plaintiff's situation, we need not consider whether other "business entity" exceptions apply.  However, we take this opportunity to note that because all Michael's Family Restaurants included in this case are alleged to have common owners, all restaurants would have had adequate notice to satisfy a broad exception for business entities having offices and officers in common. See Kelber v. Forest Elec. Corp., 799 F. Supp. 326, 331 (S.D.N.Y. 1992) ("[W]here a company not named in an EEOC Title VII charge shared the same address [and the same legal department] with a named company and certain high-level management employees of the unnamed company performed functions for the named company then . . . the unnamed company would have received adequate notice of that potential liability at the same time as the named company."). Plaintiff's Complaint does not make the relationship among the various incorporated restaurants clear, but it does appear that this situation is analogous to the one in DeLa Cruz because naming "Michael's Family Restaurant" in the EEOC complaint was clearly sufficient to give the owners notice.

### B.   *Commonality of Interest Exception*

#### i.   *Legal Standard*

One exception to the general rule that a Title VII action may be brought only against a party previously named in an EEOC action "exists where an unnamed party received notice and where there is a commonality of interest with a named party." Schafer, 903 F.2d at 253.  The Third Circuit has identified four factors (the so-called "Glus" factors) a court may take into consideration in deciding whether a plaintiff may sue a party unnamed in an EEOC action:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar [to] the unnamed party that for purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Jackson, 2007 WL 2407102, at *5 (citing Glus v. G.C. Murphy Co., 629 F.2d 248, 251 (3d Cir. 1980) (noting the "four-prong test is not a mechanical one; no single factor is decisive")).  The purpose of this four-prong analysis is to assess whether the unnamed party had sufficient notice and opportunity to take

7

remedial action.  Id.

Though some "[c]ourts in this district have held that [the 'commonality of interest'] exception is only available to plaintiffs who were not represented by counsel at the time of filing their initial complaint," we decline to apply this threshold requirement for purposes of this Motion.  Christaldi-Smith v. JDJ, Inc., 367 F. Supp. 2d 756, 763 n. 3 (E.D. Pa. 2005).  This Court has also, on at least one occasion, refused to apply this requirement to a Title VII plaintiff because "[t]he Third Circuit has never mentioned, let alone endorsed, this threshold requirement that the plaintiff be unrepresented when the administrative complaint was filed."  Patton v. SEPTA, 2007 U.S. Dist. LEXIS 5806, at *17 n. 3 (E.D. Pa. Jan. 26, 2007) (citations omitted).  In fact, the requirement "appears to derive from district court cases in the Second Circuit."  Id.  In Patton, this Court found the "unrepresented" requirement "unrelated to the Third Circuit's stated purposes for requiring an aggrieved party to file a complaint with the appropriate state or federal agency before filing suit," and at odds with "the Third Circuit's mandate that 'the jurisdictional requirements for bringing suit under Title VII should be liberally construed.'"  Id.  We note that the source of the "representation by counsel" requirement appears to have been derived from Glus, in which the Third Circuit stated: "We do not believe the procedures of Title

8

VII were intended to serve as a stumbling block to the accomplishment of the statutory objective.  To expect a complainant at the administrative stage, *usually without aid of counsel*, to foresee and handle intricate procedural problems . . . ."  Glus v. G. C. Murphy Co., 562 F.2d 880, 888 (citations omitted) (emphasis added).  We again note that the purpose of the general rule that a Title VII action ordinarily may be brought only against a party previously named in an EEOC action requirement is (1) to ensure "that an employer is made aware of the complaint lodged against him and is given the opportunity to take remedial action," and (2) to give "the EEOC the opportunity to fulfill its statutory duties of eliminating unlawful practices through the administrative process."  Jackson, 2007 WL 2407102, at *5.

In this particular case, the goals articulated in Jackson, especially the goal of notice and an opportunity to take remedial action, were furthered by the Plaintiff's filing of her EEOC charge and naming "Michael's Family Restaurant, et al." as the Respondent.  2007 WL 20407102, at *5.  Whether Plaintiff was represented by counsel at the time of the EEOC filing is immaterial because the filing adequately put the owners of Michael's Family Restaurants on notice and gave the parties an opportunity for conciliation outside the courts.  Thus, we need not consider that Plaintiff has not alleged whether she was

9

represented at that time, but she is granted leave to amend her Complaint to provide clarification on that point if she wishes to do so.

### ii. *Application of Commonality of Interest Exception*

Plaintiff alleges that her employer was known to her as "Michael's Family Diner," and thus her EEOC charge was filed against that entity. Plaintiff's counsel examined records from the Pennsylvania Bureau of Corporations and learned that the Petrogiannis family owned and controlled each of the named Defendants. Comparing that information to the information he had obtained regarding the ownership and management of Michael's Family Diner, Plaintiff's counsel concluded that both sources named the Petrogiannis family as owner and controller. Plaintiff thus filed suit against all of the named Defendants, supposedly believing all of them to function as a single cohesive unit and not knowing which particular entity owned the premises and restaurant located at 11000 Roosevelt Boulevard. Plaintiff alleges that all the named Defendants were on notice of her lawsuit because of the EEOC's investigation of her charge and all had ample opportunity to enter into conciliation. (P. Resp. p. 5). Plaintiff's counsel attributes Plaintiff's failure to sue the seventh Michael's Family Restaurant Corporation, Michael's Family Restaurant VII, Inc. ("Michael's VII"), to personal error.

10

Defendants allege that Michael's VII is the company that owns the restaurant identified in Plaintiff's EEOC charge.  Therefore, Defendants claim that Plaintiff should only be able to amend her complaint by substituting Michael's VII for the presently-named Defendants, rather than by simply adding it to the list of named Defendants.  All four prongs of the Glus test, and especially prongs (2) and (3), clearly weigh in favor of Plaintiff's position that all named Defendants were on notice and had opportunity to enter into conciliation, and in favor of allowing Plaintiff to amend her complaint to add Michael's Family Restaurant VII.  There is no prejudice because the owners of Michael's Family Restaurant VII are the same as the owners of all the named Defendants, and these owners clearly were on notice.

### *E.   Conclusion*

Because the "commonality of interest" exception applies to Plaintiff's situation, Defendants' Motion to Dismiss Plaintiff's Title VII claims for failure to exhaust administrative remedies is DENIED and Plaintiff is given leave to amend her complaint to include "Michael's Family Restaurant VII" among the Defendants.[3]

---

[3] As Defendants appear to concede, naming Michael's VII as a defendant is appropriate because Plaintiff's amendment relates back to the date of the original complaint because the requirements of Federal Rule of Civil Procedure 15(c) are satisfied.  See Fed. R. Civ. P. 15(c)(1)(C).

## II.  *Worker's Compensation Act*

### A.  *Legal Standards*

The issue before this Court with respect to Plaintiff's state law claims is whether the Pennsylvania Worker's Compensation Act exceptions for "personal animus" or "third party attack" apply.[4]  In general, the WCA "provides the exclusive remedy for injuries sustained during the course of employment, and bars claims for intentional infliction of emotional distress which arise out of an employment relationship."  Williams v. U.S. Airways, Inc., 2007 WL 2667981, at *2 (E.D. Pa. Sept. 5, 2007) (citing Matczak v. Frankford Candy and Chocolate Co., 136 F.3d 933, 940 (3d Cir. 1997)).  However, under the "personal animus" or "third party attack" exceptions, an employer may be liable for the tortious conduct of a third party.  These exceptions permit a party to "pursue claims for 'employee injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against him as an employee or because of his employment.'"  Id. (quoting Demshick v. Delaware Valley Convalescent Homes, Inc., 2005 WL 1923604, at *2 (E.D. Pa. Aug. 9, 2005).  The critical inquiry for determining whether the "personal animus" exception applies is "whether the attack was motivated by personal reasons, as opposed to generalized contempt

---

[4]  Because we deny Defendants' motion as to the federal claims, we need not address the issue of dismissing Plaintiff's remaining pendant state law claims for lack of subject matter jurisdiction.

or hatred, and was sufficiently unrelated to the work situation so as to not arise out of the employment relationship." Id. (citations omitted).

This Court has elaborated: "[i]f the third party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the [PWCA]." Churchray v. Park Place Enterprises, Inc., 2006 WL 1865001, at *2 (E.D. Pa. June 30, 2006) ((quoting Hancuff v. Prism Techs. & Assemblies, LLC, 357 F. Supp. 2d 828, 832 (W.D. Pa. 2005) (quoting Abbott v. Anchor Glass Container Corp., 758 A.2d 1219, 1224 (Pa. Super. Ct. 2000)). "Moreover, there is a rebuttable presumption that an injury is work-related where it occurs on the employer's premises." Id. Though the Pennsylvania Superior Court has distinguished the "personal animus" and "third party attack" exceptions, concluding that "a showing of personal animus is not strictly required to implicate the third party attack exception," that court qualified its conclusion with the following:

> What is required is a showing that the victim was attacked for purely personal reasons unrelated to employment. We emphasize that a presumption nonetheless remains that an attack is work-related when, as here, it occurs on the employer's premises, and that the lack of previous personal animus strongly indicates a work-related cause.

Krasevic v. Goodwill Indus. of Central Pennsylvania, Inc., 764

13

A.2d 561, 566-67 (Pa. Super. Ct. 2000). To fall outside the purview of the WCA, the sexual harassment complained of must be "motivated by personal reasons, as opposed to generalized contempt or hatred, and . . . sufficiently unrelated to the work situation so as to not arise out of the employment relationship." Williams, 2007 WL 2667981, at *2.

### B. *Application*

Applying the Hancuff reasoning in Churchray, this Court found that "it is apparent that the harassment was not directed at Plaintiff personally" because "Plaintiff allege[d] that [the third party offender] 'engaged in a regular practice of sexually harassing her male subordinates.'" Churchray, 2006 WL 1865001, at *3 (citations omitted). The facts alleged in Plaintiff O'Donnell's complaint are analogous, as she alleges specifically that the Chef's verbal profanities were directed at "Plaintiff and other female wait-staff," and that he would "physically push and shove . . . and on occasion, would throw food items at Plaintiff and other female wait staff." (P. Compl. p. 7). Because Plaintiff explicitly alleges that the Chef threw food items at other female wait staff, we do not find the incident with the sugar cannister to be "directed at Plaintiff personally" within the meaning of the "personal animus" or "third party attack" exceptions. Churchray, 2006 WL 1865001, at *2.

14

Moreover, in her Complaint, Plaintiff makes a broad characterization of the Chef's actions, describing them as "the most personal acts can be," and as "due not to her employment" but "to one man's utterly horrifying acts of personal, physical aggression." (P. Compl. 7). These hyperbolic descriptions are not sufficiently specific to persuade this Court that, on the facts alleged, Plaintiff has demonstrated "injuries caused by the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against [her] as an employee or because of [her] employment." Williams, 2007 WL 2667981, at *2.

### C.  Conclusion

Because Plaintiff does not satisfy the elements requisite for the WCA "personal animus" or "third party attack" exceptions, Defendants' Motion to Dismiss Plaintiff's state law claims for failure to state a claim upon which relief may be granted is GRANTED. We note that Plaintiff is free to amend her complaint if she believes she can allege sufficient facts to succeed under one of these theories, and to bring a separate suit against the Chef if she wishes.

### III. Conclusion

The Court finds that Plaintiff has alleged sufficient facts to survive a Motion to Dismiss for failure to exhaust

15

administrative remedies under Title VII and the PHRA, and for failure to state a claim upon which relief may be granted under the WCA.  For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED[5] IN PART AND DENIED[6] IN PART and Plaintiff's Complaint against Michael's IV is DISMISSED.  Furthermore, Plaintiff is given leave to amend her complaint to add Michael's Family Restaurant VII as a Defendant.

    An order follows.

---

[5] Because "Plaintiff acknowledges that this Court lacks personal jurisdiction over Defendant Michael's Family Restaurant IV, Inc. and does not oppose the dismissal of claims against that defendant," we GRANT Defendants' Motion to Dismiss Michael's IV without further discussion.  (P. Resp. p. 1).

[6] Because we DENY Defendants' motion as to the federal claims, we need not address the issue of dismissing Plaintiff's remaining pendant state law claims for lack of subject matter jurisdiction.  Because our Title VII administrative exhaustion analysis applies to the administrative exhaustion of Plaintiff's PHRA claim, we DENY Defendants' Motion to Dismiss that claim for the reasons given in our discussion of Title VII.

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH J. O'DONNELL,           :   CIVIL ACTION
                                  :
              Plaintiff,          :
                                  :
     vs.                          :
                                  :   No. 07-CV-5386
MICHAEL'S FAMILY RESTAURANT,      :
INC., MICHAEL'S FAMILY            :
RESTAURANT II, INC.,              :
MICHAEL'S FAMILY RESTAURANT       :
III,INC., MICHAEL'S FAMILY        :
RESTAURANT IV, INC.,              :
MICHAEL'S FAMILY RESTAURANT       :
V, INC., MICHAEL'S FAMILY         :
RESTAURANT VI, INC.,              :
                                  :
              Defendants.         :
```

**ORDER**

AND NOW, this 1st day of July, 2008, upon consideration of Defendant's Motion to Dismiss (Doc. No. 3), and all responses thereto, it is hereby ordered that the Motion is GRANTED IN PART AND DENIED IN PART and all claims against Defendant Michael's Family Restaurant IV, Inc. are DISMISSED.  It is further ORDERED that Plaintiff shall have fourteen (14) days from the date of this ORDER to amend her complaint to add "Michael's Family Restaurant VII" as a Defendant in this matter.

```
                                   BY THE COURT:


                                   s/J. Curtis Joyner
                                   J. CURTIS JOYNER, J.
```